UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| A.B.C. CARPET CO., INC., *et al.*,[1] | Case No. 21-11591 (DSJ) |
| Debtors. | (Jointly Administered) |

### ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO AS CLAIMS AND NOTICING AGENT TO THE DEBTORS AND (II) GRANTING RELATED RELIEF

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), (a) appointing Stretto as the claims and noticing agent (the "**Claims and Noticing Agent**") to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, and (iii) provide such other administrative services—as required by the Debtors—that would fall within the purview of services to be provided by the Clerk's Office, and (b) granting related relief, all as more fully set forth in the Application; and upon the Betance Declaration submitted in support of the Application; and upon the First Day Declaration; and the Debtors having estimated that there are in excess of 250 creditors in these chapter 11 cases, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: A.B.C. Carpet Co., Inc. (6537), A.B.C. Home Furnishings, Inc. (6915), and A.B.C. Oriental Carpets, Inc. (3679). The Debtors' principal place of business is 888 Broadway, New York, New York 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Claims Noticing Agent has the capability and experience to provide such services and that Claims and Noticing Agent does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Claims and Noticing Agent is in the best interests of the Debtors, the estates and creditors and sufficient cause appearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Application is approved as set forth herein.

    2.    The Debtors are authorized to retain Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise

administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application.

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim filed in these chapter 11 cases unless otherwise ordered by the Court and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim—to the extent necessary—and to obtain a post office box or address for the receipt of proofs of claim.

5. Stretto is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. With respect to services provided prior to the effective date of a chapter 11 plan in these chapter 11 cases, Stretto shall serve monthly invoices on the Debtors, the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring

the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided*, *however*, that the parties may seek resolution of the matter from this Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

10. Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12. All requests by Stretto for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall Stretto be indemnified in the case for its own bad faith, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

13. In the event that Stretto seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Stretto's own applications, both interim and final, but determined by this Court after notice and a hearing.

14. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

15. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

16. Stretto shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of this Court; *provided*, *however*, that Stretto may seek such an order on expedited notice by filing a request with this Court with notice of such request to be served on the Debtors, the United States Trustee, and any official committee of creditors appointed in these chapter 11 cases by facsimile or overnight delivery; *provided*, *further*, that except as expressly provided herein, the Debtors and Stretto may otherwise terminate or suspend other services as provided under the Engagement Letter.

17. After entry of an order terminating Stretto's services as the Claims and Noticing Agent, upon the closing of these chapter 11 cases, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

18. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

24. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

Dated: New York, New York
       September 10, 2021

                                                    *s/ David S. Jones*
                                                UNITED STATES BANKRUPTCY JUDGE